PER CURIAM.
The Borough of Rumson appeals from a decision of Judge Joseph Small, P.J.T.C., which determined that plaintiff was entitled to farmland assessment treatment pursuant to N.J.S.A. 54:4-23.6 for the tax years 1999 and 2000, for property she owned in Rumson, specifically, as Judge Small stated, a “grand estate” named “Rohallion.” ■
The pivotal issue is whether agricultural activities at the property require, and make use of, five acres or more of the property, inasmuch as it is the five acre threshold that triggers qualification for farmland assessment under N.J.S.A. 54:4-23.5 and 23.6. The subject property consists of a large manor house on land that totals 8.5496 acres. The land, in addition to the mansion, has gardens, trees, lawns, a swimming pool, pool house, steps, sidewalks and driveways.
It appears undisputed that the owner conducts an agricultural enterprise at the premises which has several employees. She derives gross income from that enterprise exceeding $100,000 per year. The agricultural products of this enterprise include flowers, pine cones, evergreens, decorative holiday wreaths, grave covers, shrubs and trees. As indicated, the primary question at trial was whether the agricultural activities “require and make use of five acres or more of the property.” After considering the evidence, Judge Small determined that the subject property contained 7.1 acres that qualified for farmland assessment.
Having carefully reviewed the record in light of the applicable law and the parties’ contentions, we are in substantial agreement *237 with the reasons for decision set forth in the written opinion of Judge Small reported at 19 N.J.Tax 334 (2001). Accordingly, we affirm essentially for the reasons expressed by Judge Small in that reported decision.
Affirmed.